IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |
|---|---|
| EXPRESS MOBILE, INC., | |
| Plaintiff, | C.A. No. 6:20-cv-802 |
| v. | JURY TRIAL DEMANDED |
| EBAY INC., | |
| Defendant. | |

## ANSWER TO COMPLAINT

Defendant eBay Inc. ("eBay" or "Defendant"), by and through its undersigned counsel, hereby submits this answer to the Complaint filed by Express Mobile, Inc. ("Express Mobile" or "Plaintiff") on September 1, 2020.  To the extent not expressly admitted below, Defendant denies each and every allegation of the Complaint.

### NATURE OF THE ACTION

1.     Defendant admits that the Complaint purports to be a civil action for infringement under the patent laws of the United States, but denies infringement and denies any liability related to the Complaint.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 1.

### THE PARTIES

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and, on that basis, denies them.

3.     Defendant admits that it is a Delaware corporation with a place of business at 7700 W Parmer Lane, Austin, TX 78729, but with its headquarters in San Jose, California.

Defendant admits that it can be served with certain process through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 3.

4.      Defendant denies the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5.      Based solely on the allegations in the Complaint and assuming (without admitting) them to be true, Defendant admits for the purposes of this action only that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).  Defendant reserves the right to challenge subject matter jurisdiction, including for lack of standing.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 5.

6.      Based solely on the allegations in the Complaint, and assuming (without admitting) them to be true, Defendant does not contest personal jurisdiction in the Western District of Texas in this case and does not dispute that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b), but denies that venue is convenient or in the interests of justice in this District or Division under 28 U.S.C. § 1404(a).  Except as so expressly admitted, Defendant denies the allegations of Paragraph 6.

7.      Based solely on the allegations in the Complaint, and assuming (without admitting) them to be true, Defendant does not contest personal jurisdiction in this District in this case.  Defendant admits that it has a place of business at 7700 W. Parmer Lane, Austin, TX 78729.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 7.

8.     Based solely on the allegations in the Complaint, and assuming (without admitting) them to be true, Defendant does not contest personal jurisdiction in this District in this case.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 8.

9.     Defendant admits that eBay has an office in Austin, TX.  Defendant does not dispute that, for this action, venue is proper in this District under 28 U.S.C. 1400(b), but denies that venue is convenient or in the interest of justice in this District or Division under 28 U.S.C. § 1404(a).  Except as so expressly admitted, Defendant denies the allegations of Paragraph 9.

**PATENTS-IN-SUIT**

10.     Defendant admits that Exhibit A purports to be a copy of U.S. Patent No. 6,546,397 (the "'397 Patent").  Defendant admits that on its face, the '397 Patent indicates an issue date of April 8, 2003, names Steven H. Rempell as the inventor, and is titled "Browser Based Web Site Generation Tool and Run Time Engine."  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, on that basis, denies them.

11.     Defendant denies the allegations of Paragraph 11.

12.     Defendant denies the allegations of Paragraph 12.

13.     Defendant denies the allegations of Paragraph 13.

14.     Defendant denies the allegations of Paragraph 14.

15.     Defendant denies the allegations of Paragraph 15.

16.     Defendant admits that Exhibit B purports to be a copy of the U.S. Patent No. 7,594,168 (the "'168 Patent"; together with the '397 Patent, "Asserted Patents").  Defendant admits that on its face, the '168 Patent indicates an issue date of September 22, 2009, names Steven H. Rempell as the inventor, and is titled "Browser Based Web Site Generation Tool and

Run Time Engine."  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, on that basis, denies them.

17.     Defendant denies the allegations of Paragraph 17.

18.     Defendant denies the allegations of Paragraph 18

19.     Defendant denies the allegations of Paragraph 19.

20.     Defendant denies the allegations of Paragraph 20.

21.     Defendant denies the allegations of Paragraph 21.

22.     Defendant admits that *Express Mobile v. KTree Computer Solutions, Inc.*, 17-cv-00128 (E.D. Tex.), was a case filed in the Eastern District of Texas.  Defendant admits that the defendant in that case, KTree Computer Solutions, filed a Motion for Judgment on the Pleadings (Dkt. No. 9), asserting that the certain claims of the '397 Patent and the '168 Patent were invalid as claiming abstract subject matter under 35 U.S.C. § 101.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 22.

23.     Defendant admits that in the *KTree* litigation, Magistrate Judge Payne recommended that the defendant's Motion for Judgment on the Pleadings be denied without prejudice. 17-cv-00128, Dkt. No. 29.  Defendant admits that the Report and Recommendation (Dkt. No. 29) contains the language quoted in Paragraph 23 of the Complaint.  Defendant admits that no objection was filed to the Magistrate Judge's Report and Recommendation, but shortly after the Report and Recommendation, the case was dismissed without prejudice pursuant to a Joint Motion to Dismiss without Prejudice.  Dkt. No. 30.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 23.

24.     Defendant admits that *Express Mobile v. Pantheon Systems, Inc.*, 18-cv-04688 (N.D. Cal.), was a case filed in the Northern District of California.  Defendant admits that the defendant, Pantheon Systems, Inc., brought a Motion to Dismiss Counts I and II of Plaintiff's First Amended Complaint (Dkt. No. 26), asserting that certain claims of the '397 Patent and the '168 Patent were invalid as claiming abstract subject matter under 35 U.S.C. § 101.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 24.

25.     Defendant admits that *Express Mobile v. Code and Theory LLC*, 18-cv-04679 (N.D. Cal.), was a case filed in the Northern District of California.  Defendant admits that the defendant, Code and Theory LLC, brought a Motion to Dismiss Plaintiff's Complaint (Dkt. No. 35), asserting that certain claims of the '397 Patent and the '168 Patent were invalid as claiming abstract subject matter under 35 U.S.C. § 101.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 25.

26.     Defendant admits that Judge Seeborg issued an Order Denying Motions to Dismiss, which denied the motions referred to above in paragraphs 24 and 25.  Defendant admits that the order contains the language quoted in Paragraph 26 of the Complaint.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 26.

27.     Defendant admits that *Express Mobile, Inc. v. DreamHost, LLC*, 18-cv-01173 (D. Del.), was a case filed in the District of Delaware.  Defendant admits that in that case, the defendant, DreamHost, LLC, filed a Motion to Dismiss for Failure to State a Claim (Dkt. Nos 13-14), asserting, among other things, that certain claims of the '397 Patent and the '168 Patent were invalid as claiming abstract subject matter under 35 U.S.C. § 101.  Defendant admits that *Express Mobile, Inc. v. Hostway Services, Inc.*, 18-cv-01175 (D. Del.), was a case filed in the District of Delaware.  Defendant admits that in that case, the defendant, Hostway Services, filed

a Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim (Dkt. Nos

13-14), asserting, among other things, that certain claims of the '397 Patent and the '168 Patent

were invalid as claiming abstract subject matter under 35 U.S.C. § 101.  Except as so expressly

admitted, Defendant denies the allegations of Paragraph 27.

     28.    Defendant admits that Judge Andrews issued a joint order denying the motions to

dismiss as to patent ineligibility referred to in paragraph 27 above.  Except as so expressly

admitted, Defendant denies the allegations of Paragraph 28.

## BACKGROUND

     29.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in Paragraph 29 of the Complaint and, on that basis, denies

them.

     30.    Defendant admits that it is a well-known company at least in many parts of the

United States.  Except as so expressly admitted, Defendant denies the allegations of Paragraph

30.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,546,397

     31.    Defendant incorporates by reference and re-alleges the answers set forth in

paragraphs 1-30 above as if fully set forth herein in response to Paragraph 31 of the Complaint.

     32.    Defendant denies the allegations of Paragraph 32.

     33.    Defendant denies the allegations of Paragraph 33.

     34.    Defendant denies the allegations of Paragraph 34.

     35.    Defendant denies the allegations of Paragraph 35.

     36.    Defendant admits that eBay's list of compatible browsers includes the latest

versions of Microsoft Internet Explorer, Microsoft Edge, Mozilla Firefox, Apple Safari and

Google Chrome but denies that this indicates eBay infringes claim 1 of U.S. Patent No. 6,546,397. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Complaint and, on that basis, denies them.

37.     Defendant denies the allegations of Paragraph 37.

38.     Defendant denies the allegations of Paragraph 38.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and, on that basis, denies them.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and, on that basis, denies them.

41.     Defendant admits that the web page associated with the "source" URL in Paragraph 41 shows a tutorial regarding HTML Forms and the image reproduced in Paragraph 41 but denies that this indicates eBay infringes claim 1 of U.S. Patent No. 6,546,397. Except as so expressly admitted, Defendant denies the allegations of Paragraph 41.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and, on that basis, denies them.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint and, on that basis, denies them.

44.     Defendant denies the allegations of Paragraph 44.

45.     Defendant denies the allegations of Paragraph 45.

46.     Defendant admits that Express Mobile, through its counsel, sent a letter to eBay regarding the '397 Patent that is dated December 20, 2018, but denies the remaining allegations of Paragraph 46.

47.     Defendant denies the allegations of Paragraph 47.

48.     Defendant denies the allegations of Paragraph 48.

49.     Defendant denies the allegations of Paragraph 49.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,594,168

50.     Defendant incorporates by reference and re-alleges the answers set forth in Paragraphs 1-49 above as if fully set forth herein in response to Paragraph 50 of the Complaint.

51.     Defendant denies the allegations of Paragraph 51.

52.     Defendant denies the allegations of Paragraph 52.

53.     Defendant admits that registered users of eBay's website may create an eBay store and listings but denies that this indicates eBay that infringes claim 1 of U.S. Patent No. 7,594,168.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 53.

54.     Defendant denies the allegations of Paragraph 54.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and, on that basis, denies them.

56.     Defendant admits that the web page associated with the "source" URL of Paragraph 56 displays images but denies that this indicates eBay infringes claim 1 of U.S. Patent No. 7,594,168.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 56.

57.     Defendant denies the allegations of Paragraph 57.

58.     Defendant denies the allegations of Paragraph 58.

59.     Defendant admits that the web page associated with the "source" URL of Paragraph 59 displays images but denies that this indicates eBay infringes claim 1 of U.S. Patent No. 7,594,168.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 59.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint and, on that basis, denies them.

61.     Defendant admits that the Complaint contains two images at Paragraph 61 which appear to contain the text "img500" but denies that this indicates eBay infringes claim 1 of U.S. Patent No. 7,594,168.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 61.

62.     Defendant denies the allegations of Paragraph 62.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint and, on that basis, denies them.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint and, on that basis, denies them.

65.     Defendant denies the allegations of Paragraph 65.

66.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint and, on that basis, denies them.

67.     Defendant denies the allegations of Paragraph 67.

68.     Defendant denies the allegations of Paragraph 68.

69.     Defendant denies the allegations of Paragraph 69.

70.     Defendant admits that eBay uses Oracle databases for certain aspects of eBay's website.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 70.

71.     Defendant denies the allegations of Paragraph 71.

72.     Defendant denies the allegations of Paragraph 72.

73.     Defendant admits that the web page associated with the "source" URL in Paragraph 73 shows a tutorial regarding HTML Forms and the image shown at Paragraph 73 but denies that this indicates eBay infringes claim 1 of U.S. Patent No. 7,594,168.  Except as so expressly admitted, Defendant denies the allegations of Paragraph 73.

74.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint and, on that basis, denies them.

75.     Defendant admits that Express Mobile, through its counsel, sent an email to eBay's General Counsel regarding the '168 Patent that is dated August 31, 2020, but denies the remaining allegations of Paragraph 75.

76.     Defendant denies the allegations of Paragraph 76.

77.     Defendant denies the allegations of Paragraph 77.

78.     Defendant denies the allegations of Paragraph 78.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief from Defendant in the action, as requested or otherwise.

## PLAINTIFF'S JURY DEMAND

Defendant admits that the Complaint requests a jury trial.

To the extent that any allegations in the Complaint have not been previously specifically admitted or denied, Defendant denies them.

## DEFENSES

Defendant asserts the following defenses and reserves the right to amend its Answer as additional information becomes available.  By way of listing the following defenses, Defendant does not assume any legal or factual burden not otherwise assigned to them under the law.

## FIRST DEFENSE: NON-INFRINGEMENT OF U.S. PATENT NO. 6,546,397

1.      Defendant has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable claims of the '397 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.  It is Plaintiff's burden to prove infringement.  Defendant lists this defense out of an abundance of caution but does not assume any burdens in doing so.

## SECOND DEFENSE: NON-INFRINGEMENT OF U.S. PATENT NO. 7,594,168

2.      Defendant has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable claims of the '168 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.  It is Plaintiff's burden to prove infringement.  Defendant lists this defense out of an abundance of caution but does not assume any burdens in doing so.

## THIRD DEFENSE: INVALIDITY OF U.S. PATENT NO. 6,546,397

3.     One or more claims of the '397 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## FOURTH DEFENSE: INVALIDITY OF U.S. PATENT NO. 7,594,168

4.     One or more claims of the '168 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## FIFTH DEFENSE: WAIVER, ESTOPPEL, ACQUIESCENCE, AND IMPLIED LICENSE

5.     Plaintiff's claims for relief are barred, in whole or in part, under the doctrines of waiver, estoppel, acquiescence, and implied license.

## SIXTH DEFENSE: LIMITATION ON DAMAGES

6.     Any potential damages recovery is barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

## SEVENTH DEFENSE: ABSENCE OF DAMAGES

7.     Plaintiff has not suffered and will not suffer any injury or damages as a result of the conduct alleged of Defendant in the Complaint.

## EIGHTH DEFENSE: PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

8.     Plaintiff is precluded or otherwise estopped from asserting that any claim of the Asserted Patents covers, either literally or under the doctrine of equivalents, any product or method made, performed, used, sold, offered for sale, or imported by Defendant, based on admissions, amendments, arguments, and other statements made to the U.S. Patent and Trademark Office during the prosecution of the applications leading to, or related to, the issuance of these patents.

## NINTH DEFENSE: FAILURE TO STATE A CLAIM

9.     The Complaint fails to state a claim against Defendant upon which relief may be granted.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant's investigation of the claims and its defenses is continuing.  Defendant reserves the right to assert additional defenses, such as through amendment of its Answer, that may be developed through discovery in this action or otherwise.

## DEFENDANT'S DEMAND FOR A JURY TRIAL

Defendant requests a jury trial on all issues so triable.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendant prays that the Court enter judgment:

A.     in favor of Defendant and against Plaintiff;

B.     dismissing Plaintiff's Complaint (and each and every claim therein) with prejudice and ordering that Plaintiff take nothing from Defendant under the Complaint;

C.     declaring the Asserted Patents invalid and unenforceable against Defendant;

D.     declaring that Defendant has not infringed and is not infringing the Asserted Patents, either literally or under the doctrine of equivalents;

E.     declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Defendant its attorneys' fees and expenses in this action;

F.     awarding Defendant its costs in this action; and

G.     granting such other and further relief to Defendant as this Court deems just and proper.

Dated:  October 23, 2020                    Respectfully submitted,

                                            /s/ *Melissa R. Smith*
                                            Melissa R. Smith
                                            Texas Bar No. 24001351
                                            melissa@gillamsmithlaw.com
                                            **GILLAM & SMITH, LLP**
                                            303 South Washington Ave
                                            Marshall, Texas, 75670
                                            Tel: (903) 934-8450
                                            Fax: (903) 934-9257

                                            Jared Bobrow (*pro hac vice*)
                                            jbobrow@orrick.com
                                            **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                            1000 Marsh Road
                                            Menlo Park, CA 94025-1015
                                            Tel: (650) 614-7400
                                            Fax: (650) 614-7401

                                            Will Melehani (*pro hac vice*)
                                            wmelehani@orrick.com
                                            **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                            The Orrick Building
                                            405 Howard Street
                                            San Francisco, CA 94105-2669
                                            Tel: (415) 773-5700
                                            Fax: (415) 773-5759

                                            *Attorneys for Defendant*
                                            eBay Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1) on October 23, 2020.

*/s/ Melissa R. Smith*