IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| EXPRESS MOBILE, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> eBay Inc., <br><br> *Defendant.* | Civil Action No. 6:20-cv-00802-ADA <br><br> Jury Trial Demanded |

# PLAINTIFF EXPRESS MOBILE, INC.'S OPPOSITION TO eBAY INC.'s MOTION TO STAY PENDING RESOLUTION OF ITS TRANSFER MOTION (ECF 25)

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARD | 1 |
| III. | ARGUMENT | 2 |
| | A. Stay Would Prejudice Express Mobile. | 2 |
| | B. Refusing to Stay the Case Would Cause no Hardship or Inequity to eBay. | 2 |
| | C. Staying the Case Would Only Delay Issues That Need To Be Addressed and Not Conserve Judicial Resources. | 4 |
| IV. | CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Cases**

*Allvoice Developments US, LLC v. Microsoft Corp.*,
   No. 6:09-cv-366, 2010 WL 11469800 (E.D. Tex. June 4, 2010) .............................................. 2

*Ambato Media, LLC v. Clarion Co., Ltd., et al.*,
   No. 2:09-cv-242-JRG, 2012 WL 194172 (E.D. Tex. Jan. 23, 2012) .......................................... 3

*Eon Corp. IP Holdings, LLC v. Sensus USA Inc., et al.*,
   No. 6:09-cv-116, 2009 WL 9506927 (E.D. Tex. Dec. 18, 2009) .............................................. 4

*In re Apple*,
   979 F.3d 1332 (Fed. Cir. 2020) .................................................................................................. 4

*In re Horseshoe Entertainment*,
   337 F.3d 429 (5th Cir. 2003) ...................................................................................................... 4

*In re Ramu Corp.*,
   903 F.2d 312 (5th Cir. 1990) ...................................................................................................... 2

*Kahn v. General Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) .................................................................................................. 2

*KIPB LLC v. Samsung Elecs. Co.*,
   No. 2:19-cv-00056-JRG-RSP, 2019 WL 6173365 (E.D. Tex. Nov. 20, 2019) ...................... 3, 4

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................ 1, 3

*MiMedxGrp., Inc. v. Tissue Transplant Tech. Ltd.*,
   No. SA-14-CA-719, 2015 WL 11573771 (W.D. Tex. Jan. 5, 2015) .......................................... 2

*Neodron Ltd. v. Dell Technologies Inc.*,
   No. 1:19-CV-00819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019) .............................. 1

*Quad Envtl. Techs. Corp. v. Union Sanitary Dist.*,
   946 F.2d 870 (Fed. Cir. 1991) .................................................................................................... 4

*ThinkOptics, Inc. v. Nintendo of Am., Inc.*,
   No. 6:11-cv-455 (E.D. Tex. Feb. 27, 2014) .............................................................................. 2

*Uniloc 2017 v. Apple*,
   No. 6:19-CV-00532-ADA, Dkt. 109 (W.D. Tex. Nov. 16, 2020) .............................................. 5

*YETI Coolers, LLC v. Home Depot U.S.A., Inc.*,
   No. 17-cv-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018) .............................................. 1

## I. INTRODUCTION

Plaintiff Express Mobile, Inc. ("Plaintiff" or "Express Mobile") files this response to respectfully request the Court to deny Defendant eBay Inc.'s ("Defendant" or "eBay") Motion to Stay ("Motion"). eBay, as the moving party, fails to meet its burden to show that this case should be stayed. *See YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 17-cv-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018) ("The proponent of a stay bears the burden of establishing its need."); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (The movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay which he prays will work damage to some one else.").

First, eBay cannot make an assumption about the success of a still-pending motion to transfer and, second, there is nothing specific to this case that suggests the current *ex parte* reexamination at the Patent Office warrants a stay of this case. A stay would prejudice Express Mobile and not conserve judicial resources as the stay would only serve to delay resolution of the issues before this Court. Conversely, denying the Motion would not cause eBay any hardship as eBay has extensive business operations in this District. eBay can and should continue to defend the instant case before this Court while the transfer motion and Patent Office reexamination are being resolved.

## II. LEGAL STANDARD

Courts have considered several factors when deciding whether to stay a case: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *Neodron Ltd. v. Dell Technologies Inc.*, No. 1:19-CV-00819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019).

## III. ARGUMENT

### A. Stay Would Prejudice Express Mobile.

The decision to stay a case falls within the Court's inherent discretional authority. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."). The Federal Circuit has held that there is a "strong public policy favoring expeditious resolution of litigation." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989). Following this ruling, courts in this Circuit have determined that "[a] patent holder has 'an interest in the timely enforcement of its patent right.'" *MiMedxGrp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). "This remains true regardless whether the parties' products directly compete." *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, No. 6:11-cv-455, at *1 (E.D. Tex. Feb. 27, 2014). Here, an unnecessary stay would delay Express Mobile's right to a timely resolution of the case as well as unfairly put Express Mobile at a tactical disadvantage by risking loss of evidence and available witnesses. *See Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-cv-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (determining that a stay would "create a substantial delay that could cause prejudice by preventing [the] [p]laintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade"). Staying this case would prejudice Express Mobile as an unnecessary stay would prevent Express Mobile from advancing the case, and "[i]t is the duty of courts to avoid unnecessary delay in resolving the rights of litigants." *Kahn*, 889 F.2d at 1080. eBay fails to offer any availing reasons as to why a stay would not prejudice Express Mobile.

Accordingly, this factor weighs heavily against staying the case.

### B. Refusing to Stay the Case Would Cause no Hardship or Inequity to eBay.

A party seeking stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to someone else." *See Landis*, 299 U.S. at 255; *see also In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984). Here, eBay's argument does not come close to meeting this standard. First, eBay has maintained a full-time office in this District for many years. *See* Dkt. No. 1 at ¶ 3, 7, 9. eBay contends that here, "the parties will be required to invest significant resources on preliminary invalidity contentions, *Markman* briefing, and claim-construction-related discovery." Dkt. No. 25 at 3. However, eBay ignores the fact that most, if not all, of the discovery work done at this early stage in the litigation will be relevant and necessary regardless of venue. Further, eBay is putting the cart ahead of the horse by assuming that if "the Court ultimately grants eBay's motion to transfer, the parties will be in a new forum with different local rules…." *Id.* eBay's argument is making an assumption on the success of its still-pending motion to transfer to argue that this Motion should be granted so the Court can review said motion to transfer. This logic does not make sense as it relies on flawed circular reasoning.

eBay also argues, without applying any specific facts from this case, that claims may be amended or cancelled. Dkt. No. 25 at 4. This speculative argument is specious and should be given little weight. *See Ambato Media, LLC v. Clarion Co., Ltd., et al.*, No. 2:09-cv-242-JRG, 2012 WL 194172, at *2 (E.D. Tex. Jan. 23, 2012) ("Even though some of the claims may change in this case, 'the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold.'"). Further, "district courts have no role in reviewing the PTAB's determinations regarding the patentability of claims." *KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00056-JRG-RSP, 2019 WL 6173365, at *2 (E.D. Tex. Nov. 20, 2019). Because an ex parte reexamination proceeding does not have an estoppel effect, eBay would not be prejudiced from having to defend the instant case as this Court would still need to,

at a minimum, make a determination on validity issues after any potential stay is lifted. *See Eon Corp. IP Holdings, LLC v. Sensus USA Inc., et al.*, No. 6:09-cv-116, 2009 WL 9506927, at *2 (E.D. Tex. Dec. 18, 2009); *see also KIPB*, 2019 WL 6173365, at *2. Lastly, eBay provides zero evidence as to why a Patent Office reexamination would cause eBay hardship or inequity in this *particular* case. *See* Dkt. No. 25 at 4.

Accordingly, this factor weighs heavily against staying the case.

**C. Staying the Case Would Only Delay Issues That Need To Be Addressed and Not Conserve Judicial Resources.**

Again, eBay's argument is predicated on speculation and as such should be given little weight. For example, this Court is not required to follow the Patent Office's *ex parte* reexamination determination. *See Quad Envtl. Techs. Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 876 (Fed. Cir. 1991) ("The courts are the final arbiter of patent validity and, although courts may take cognizance of, and benefit from, the proceedings before the patent examiner, the question is ultimately for the courts to decide, without deference to the rulings of the patent examiner."). Again, eBay does not offer any arguments *specific to this case* that supports the notion that a stay would conserve judicial resources.

Instead, eBay sets forth generalized assertions and misleadingly characterizes the cases that it cites. For example, eBay cites *In re Apple*, 979 F.3d 1332, 1337-38, 1343 (Fed. Cir. 2020) to argue that a transfer motion should be a "top priority." Dkt. No. 25 at 4. In *In re Apple*, the Federal Circuit noted that this Court "held a *Markman* hearing, issued its claim construction order, held a discovery hearing, and issued a corresponding discovery order" *before* addressing the transfer motio*n*. *In re Apple*, 979 F.3d at 1338. The Federal Circuit, in holding that a motion to transfer should be a "top priority" in that context, relied on *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003). *Id.* at 1337. In *In re Horseshoe Entertainment*, the Fifth Circuit held that motions to transfer should be a "top priority" in the sense that there the district court waited thirteen

months before ruling on a motion to transfer. *In re Horseshoe Entertainment*, 337 F.3d at 433. Therefore, in context, *In re Apple* merely stands for the proposition that the transfer motion should be decided without unnecessary delay, not that a case should be stayed pending the outcome of a transfer motion. The other cases that eBay relies on are also inapposite as those decisions were also all issued in drastically later stages of the cases. For example, in *Uniloc v. Apple*, the case was stayed *on remand* to determine whether the case should be transferred. *Uniloc 2017 v. Apple*, No. 6:19-CV-00532-ADA, Dkt. 109 (W.D. Tex. Nov. 16, 2020).

Not only are these inapposite cases inapplicable to the situation here but, by citing these cases, eBay also contradicts itself. First, eBay contends that "[t]his case is in its infancy." Dkt. No. 25 at 3. However, time and again, eBay cites inapposite cases where courts stayed the cases because transfer motions were overlooked at the expense of other proceedings, and *the cases then proceeded into the later stages of litigation*. eBay contradicts itself. On one hand, eBay argues that Express Mobile would not be prejudiced by a stay because this case was filed recently. On the other hand, eBay cites cases where a stay was eventually warranted because those courts skipped over pending motions to transfer and proceeded deep into the later stages of litigation. Both cannot be relevant. This case is either deep into litigation where a stay is warranted or is filed recently so Express Mobile would not be prejudiced by a stay. eBay must choose one, and it does not do so in its Motion. There is no indication that this Court plans on barreling through important proceedings at the expense of deciding the motion to transfer. Thus, eBay's request for a stay is unsupported and premature and, as such, eBay fails to meet its burden in establishing a stay would conserve judicial resources.

Accordingly, this factor weighs against staying the case.

**IV. CONCLUSION**

For at least the foregoing reasons, the Court should deny eBay's Motion to Stay.

Dated:  March 11, 2021                          Respectfully submitted,

/s/ Robert C. Bunt

Robert C. Bunt
rcbunt@pbatyler.com
Charles Lewis Ainsworth
charley@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson Suite 418
Tyler Texas 75702
903-531-3535

Robert F. Kramer (SBN 181706) (*pro hac vice*)
rkramer@feinday.com
M. Elizabeth Day (SBN 177125) (*pro hac vice*)
eday@feinday.com
David Alberti (SBN 220625) (*pro hac vice*)
dalberti@feinday.com
Sal Lim (SBN 211836) (*pro hac vice*)
slim@feinday.com
Russell S. Tonkovich (SBN 233280) (*pro hac vice*)
rtonkovich@feinday.com
Marc Belloli (SBN 244290) (*pro hac vice*)
mbelloli@feinday.com
FEINBERG DAY KRAMER ALBERTI
LIM TONKOVICH & BELLOLI LLP
577 Airport Boulevard, Suite 250
Burlingame, California 94010
Telephone: (650) 825-4300
Facsimile:  (650) 460-8443

*Attorneys for* Express Mobile, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this documents via CM/ECF on March 11, 2021.

March 11, 2021                             */s/ Robert C. Bunt*
                                           Robert C. Bunt