# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **EXPRESS MOBILE, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**EBAY INC.,**<br><br>*Defendant*. | Civil Action No. 6:20-cv-00802-ADA |

**DEFENDANT'S OPPOSED MOTION TO TRANSFER VENUE
TO THE NORTHERN DISTRICT OF CALIFORNIA**

**I.     INTRODUCTION**

For the convenience of the parties and witnesses and in the interests of justice, Defendant eBay Inc. ("eBay") respectfully moves to transfer this case to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404(a).  This is a patent infringement case involving two California-based companies.  Plaintiff Express Mobile, Inc. ("Express Mobile" or "Plaintiff") and the inventor of the two asserted patents[1] are based in the NDCA.  eBay is based and headquartered in San Jose, which is also in the NDCA. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Moreover, Express Mobile's allegations are levied in part against the functionality of web-browsers created by third-parties which are based mainly in the NDCA.  The witnesses and documents relating to these web-browsers are also likely to be in the NDCA, and thus outside the subpoena power of this Court.  By contrast, there are unlikely to be relevant documents or witnesses in this District.

Further, Express Mobile is, and has been, asserting the same patents asserted here in numerous cases pending in NDCA, which strongly favors transfer.  Specifically, Express Mobile has ten cases currently pending in NDCA out of the 28 that it has filed there during the course of its multiyear litigation campaign.  Before the case against eBay was filed in this Court, Judge Seeborg in NDCA already had conducted a Markman hearing and issued two claim construction orders.  One NDCA case that was filed in 2017 is set for trial in June 2021.  Compared to this Court, the NDCA, especially Judge Seeborg, has gained far greater familiarity with Plaintiff and the asserted patents, has dedicated far more judicial resources to understanding the technology and construing claim terms, and will be conducting additional Markman hearings in March and June 2021, well before the expected date for a Markman hearing in this case.  Although Plaintiff

---

[1] U.S. Patent Nos. 6,546,397 (the "'397 Patent") and 7,594,168 (the "'168 Patent"; together with the '397 Patent, "Asserted Patents").

simultaneously sued other defendants in this District, the Federal Circuit has made clear that denying transfer based on the presence of co-pending cases is improper.

Because the relevant factors demonstrate that the NDCA is a clearly more convenient and judicially efficient venue for this case, the Court should transfer this case to the NDCA.

## II.     LEGAL STANDARDS

Under 28 U.S.C. § 1404(a), a court may transfer a civil case to a more convenient district or division where it might have otherwise been brought.  If the proposed venue is proper, courts weigh the private and public interest factors—set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)—to determine if the proposed venue is "clearly more convenient than the original one." *Freehold Licensing, Inc. v. Aequitatem Capital Partners, LLC*, No. A-18-CV-413 LY, 2018 WL 5539929, at *6 (W.D. Tex. Oct. 29, 2018).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).  Such practical factors include the transferee district's familiarity with the asserted patents and the existence of co-pending cases for potential consolidation. *See, e.g., Front Row Techs., LLC v. MLB Advanced Media, L.P.*, No. 12-1639, 2012 WL 12044383, at *5 (N.D. Tex. Dec. 17, 2012) (expressing concern about potential inefficiencies, inconsistencies, and expense resulting from piecemeal litigation where four patents were already being litigated in the proposed transferee district, and granting transfer).  The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at

home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

The plaintiff's choice of forum is "not a factor in this analysis," but instead is accounted for by the defendant having the burden to meet the test under § 1404(a). *Freehold Licensing*, 2018 WL 5539929, at *6 (citing *In re Volkswagen of Am (Volkswagen II)*, 545 F.3d 304, 313 & 314 n.10 (5th Cir. 2008)); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-CV-00091, 2016 WL 6909479, at *3 (W.D. Tex. Jan. 28, 2016) ("The plaintiff's choice of venue is not an independent factor to be considered in the transfer analysis").

### III.   THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

#### A.   The Northern District of California is an Appropriate Venue for This Case

The NDCA is a permissible venue for this case. Under 28 U.S.C. § 1400(b), venue is proper for patent infringement actions in a judicial district where the defendant has a regular and established place of business and has allegedly committed acts of infringement. Because eBay is headquartered in San Jose, California, NDCA (which includes San Jose) is a permissible venue.

#### B.   Both the Public and Private Interest Factors Support That the Northern District of California is a "Clearly More Convenient" Venue Than the Western District of Texas

##### 1.   The Relative Ease of Access to Sources of Proof is Greater in the Northern District of California

The relative ease of access to sources of proof favors a transfer to the NDCA. For this factor, courts examine where non-witness evidence, such as documents and physical evidence, is stored. *Volkswagen II*, 545 F.3d at 316. The question is not whether evidence may be present in both districts, but whether one district has more meaningful and relevant evidence than the other. *In re Apple*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) ("this factor [is not] neutral merely because some sources of proof can be identified in the district"; instead, the court should "meaningfully

3

compare" sources of proofs in or near the two districts). This Court recently held that this factor "weigh[ed] heavily towards transfer" to the District of Delaware when the two parties were based in Pennsylvania and Maryland, rather than Texas. *Moskowitz Family LLC v. Globus Medical, Inc.*, 2020 WL 4577710 at *2-4 (W.D. Tex. July 2, 2020) (J. Albright).

### a.  eBay's Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple* at 1340 (*citing In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)); *see also id.* at 1340 (explaining that the district court must consider that "[the defendant] stores a significant amount of relevant information in NDCA, including the relevant source code, [the defendant's] records relating to the research and design of the accused products, and marketing, sales, and financial information for the accused products").

The relevant documents and physical evidence concerning eBay's accused functionalities ███████████████████████████████████████. eBay is headquartered in San Jose, California. eBay's accused functionalities[2] that enable sellers to generate product listing and store pages, and Seller Hub Overview, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Declaration of David Procter ("Procter Decl.") ¶¶ 2-6; Declaration of Luther Boorn ("Boorn Decl.") ¶¶ 3-5. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████. Procter Decl. ¶ 7. ███████████████████████████

---

[2] Express Mobile's Complaint alleges that the accused functionalities pertain to the web-based listing and Stores functionality of eBay's website. *See* ECF No. 1 ("Compl.") ¶¶ 31-78. Express Mobile's Preliminary Infringement Contentions added the Seller Hub Overview functionality of eBay's website.

4

██████████████████████████████████████████████████

██████████████████████████████████████  Procter Decl. ¶ 8.

On the other hand, little if any relevant documentary evidence from eBay will be found in this District. Although eBay has a place of business in Austin, Texas, that office ██████ ████████████████████████████████████████████████. Ex. 1.[3]

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████  Procter Decl. ¶¶ 2-6, 9; Boorn Decl. ¶¶ 2-6.

### b. Express Mobile's Sources of Proof

Express Mobile's relevant evidence is also likely to be more easily accessed in the NDCA. Express Mobile has a place of business in Novato, California, which is within the NDCA (Compl. ¶ 2), and Express Mobile's current employees reside in NDCA. Anderson Decl. ¶¶ 3-9. Steven H. Rempell, the inventor named on the Asserted Patents, is likewise based there. *See* ECF No. 1-2, page 2 item 76 (indicating that the inventor is located in Novato, CA); ECF No. 1-3, page 2 item 75 (same); Anderson Decl. ¶ 4. Express Mobile's relevant documents are likely to be found there. Indeed, Mr. Rempell has stated that, due to his age and a prior accident, long distance travel is difficult. Anderson Decl. ¶ 10. Further, the attorney involved in the prosecution of the Asserted Patents, and identified on the face of the '168 patent, is located in Alameda, California in the SFBA, and may have relevant documents pertaining to the patents. *See* ECF No. 1-2, page 2 item 74; ECF No. 1-3, page 2 item 74; Anderson Decl. ¶ 11. In

---

[3] Exhibits cited herein are attached to the Declaration of Shane D. Anderson in Support of Defendant's Opposed Motion to Transfer to the Northern District of California ("Anderson Decl."), concurrently filed herewith.

comparison, Express Mobile apparently has no presence in Texas, and therefore it is unlikely that it will have evidence to provide from here.

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses Favors a Transfer to the Northern District of California

The relative availability of compulsory process factor strongly favors a transfer to the NDCA because there are multiple relevant non-party witnesses based in California and none that are based in Texas. *See Volkswagen II*, 545 F.3d 304, 316 (5th Cir. 2008) (explaining that the "availability of compulsory process" factor relates to non-parties).

Express Mobile's infringement allegations concern the functionality of various third-party browser engines. Compl. ¶¶ 34-36. Specifically, Express Mobile alleges that eBay provides "browser-based website authoring tools" that rely on browsers with "browser engines to interpret and execute JavaScript and HTML to render web pages on a computer," and that "eBay's list of compatible browsers include … Microsoft Internet Explorer, Microsoft Edge, Mozilla Firefox, Apple Safari and Google Chrome." *Id*. These third-party browser developers, such as Microsoft, Mozilla, Apple, and Google, will have information that is relevant to the merits of the case.

Three of these browser companies— Mozilla, Apple, and Google—are based in the NDCA, and the NDCA's subpoena power will likely be useful to secure relevant documents and testimony from individuals employed by these browser companies. *See* Anderson Decl. ¶¶ 12-14. Microsoft is not headquartered in California, but it has a significant presence in the NDCA and is actively litigating against Express Mobile there as well. *See* Anderson Decl. ¶15; *Express Mobile, Inc. v. Microsoft Corp*., Case No. 20-cv-006152 (N.D. Cal. filed Sept. 1, 2020).[4]

---

[4] eBay acknowledges that Express Mobile also has sued Google and Microsoft. But neither of them is a party to eBay's action. Apple and Mozilla have not been sued by Express Mobile.

This District's subpoena power is unlikely to be nearly as helpful. Mozilla does not have any presence in Texas. *See* Ex. 15. Google and Apple have places of business in Texas, but because they are headquartered in California, it is far less likely that their offices in Texas would have any information useful to this case. Indeed, Google and Apple have previously submitted declarations stating that their browsers (Chrome and Safari) were developed in California, not Texas. *See* Exs. 34 (Google employee declaration stating that Google Chrome was developed by teams in Mountain View, California), 35 (Apple employee declaration stating that Safari was developed by teams in Cupertino, California). While Microsoft also has an office in the Western District of Texas, it is unlikely that the office would have any relevant information, because it appears that Microsoft's browser was developed primarily in Redmond, Washington and India. *See* Ex. 16 (showing job openings pertaining to Microsoft's Edge browser).

Furthermore, other relevant witnesses such as Steven R. Vosen (prosecuting attorney and correspondent for the assignments of the Asserted Patents to Express Mobile) and DSS (which has taken an ownership interest in Express Mobile and has licensed Express Mobile's technology) are located in the NDCA. Anderson Decl. ¶¶ 11, 18-22, 36.

Should any of these third-party companies need to provide documents or witnesses for deposition or trial, the NDCA would be more convenient as a destination and better able to secure participation through the subpoena power. This factor therefore strongly favors transfer.

### 3. Transferring This Case to the Northern District of California Would Reduce the Cost of Attendance for Willing Witnesses

Considerations pertaining to the convenience of the witnesses heavily favor transfer. Indeed, this factor "is probably the single most important factor in a transfer analysis." *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017) (applying Fifth Circuit law and quoting *In re Genentech Inc.*, 566 F.3d at 1343). In *In re Apple, Inc.*, 979 F.3d at

1342, the Federal Circuit found that this factor weighs "at least slightly in favor of transfer" when both parties would "each have one or more potential trial witnesses from NDCA," even though some potential witnesses lived in New York. Here, because the vast majority of witnesses from *both* sides reside in Northern California, this factor favors transfer even more.

Because NDCA is the home district for witnesses *on both sides*, transferring the case there will minimize monetary costs and "the personal costs associated with being away from work, family, and community." *Volkswagen II*, 545 F.3d at 317. eBay's accused functionalities that enable sellers to generate product listings and store pages ████████████ ████████████████████████████████████████████████ ██████████████████████████. Procter Decl. ¶¶ 2-6; Boorn Decl. ¶¶ 3-5. ████████ ██████████████████████████████████████████████████ ████████████████████████████████████████ Procter Decl. ¶¶ 2-5. ████████████████████████████████████████████. *Id.* ¶ 6. ██████████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████. Boorn Decl. ¶ 5. ████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████ Boorn Decl. ¶¶ 2-4. Express Mobile's potential witnesses, such as the inventor, Steven Rempell, are located in NDCA. Exs. 2, 3. At least two other executives affiliated with Express Mobile, including Cheryl Kudelka (CFO) and John Rizzo (Director), reside in the NDCA. Exs. 2, 5, 7. Further, the NDCA courthouses are conveniently located close to the parties' headquarters. eBay's headquarters in

San Jose are 4.6 miles away from the San Jose courthouse, about 50 miles away from the San Francisco courthouse, and about 40 miles away from the Oakland courthouse. Express Mobile's Novato location is 28 miles from the San Francisco courthouse, 31 miles away from the Oakland courthouse, and 73 miles away from the San Jose courthouse. Exs. 22-27.

On the other hand, there are no known relevant witnesses within 100 miles of Waco (or Texas, generally). If the case is tried in Waco, it is likely that all witnesses will have to fly there from the West Coast. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*.

Furthermore, as explained in Section III.B.2, the cost of attendance for any willing third-party witnesses would be far lower in the NDCA. As this Court previously recognized, "it is the convenience of non-party witnesses, rather than employee witnesses … that is the more important factor accorded greater weight." *Parus Holdings v. LG Elecs. Inc*., No. 6:19-CV-00432-ADA, 2020 WL 4905809 at *6 (W.D. Tex. Aug. 20, 2020). Because witnesses from Mozilla, Apple, and Google will likely be based in SFBA, the NDCA is far more convenient. Even for Microsoft witnesses located in the Seattle area, travelling to the NDCA would be far less burdensome than travelling to Waco. *See* Exs. 28-29 (showing that flights from Seattle to San Francisco take around 2 hours, whereas Seattle to Austin, which is still more than 100 miles away from Waco, take almost 4 hours). Therefore, the cost of attendance for third party witnesses weighs heavily in favor of transfer. *See Parus Holdings*, 2020 WL 4905809 at *6

(noting that if Google was a "complete non-party to the suit, the Court would assign significant weight to the location and convenience of Google engineers and witnesses under this factor").

### 4. The Local Interest of the Northern District of California in Resolving This Action Heavily Favors a Transfer

The interest in having localized interests decided at home strongly favors transferring this case to the NDCA. In *Volkswagen I*, the Fifth Circuit found that this factor "weigh[ed] heavily in favor of" transferring the case from a district that lacked "any meaningful connection or relationship with the circumstances" of the case to a district where the plaintiffs and defendants lived and the alleged wrong had occurred. 371 F.3d at 206. As the Fifth Circuit explained, it would be improper to impose the burden of jury duty on "the people of a community which has no relation to the litigation." *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). The proper inquiry requires examination of the "significant connections between a particular venue and the events *that gave rise to a suit*." *In re Apple*, 979 F.3d at 1345 (emphasis in original, citing *In re Acer*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).

*In re Apple* is once again instructive. There, the Federal Circuit held that "[b]ecause of [the plaintiff's] 'presence in NDCA' and absence from WDTX; because the accused products were designed, developed, and tested in NDCA; and because the lawsuit 'calls into question the work and reputation of several individuals residing' in NDCA … this factor weighs in favor of transfer." *Id.* The same analysis applies here. Express Mobile is a California non-practicing entity and eBay is a company headquartered in California. As explained above in Section III.B.3, the accused products ███████████████████████████████████████, and the lawsuit calls into question the work of employees at eBay ███████████████████████████.

In contrast, neither the parties nor the complaint has any relevant connection to this District. The only alleged connection between the venue and the dispute is that the accused

10

instrumentalities might be used by individuals in this District. Compl. ¶ 9. But "[t]he Fifth Circuit has unequivocally rejected the argument that citizens of the venue chosen by the plaintiff have a 'substantial interest' in adjudicating a case locally because some allegedly infringing products found their way into the Texas market." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (citing *Volkswagen II*, 545 F.3d at 317-18). Where accused products are distributed throughout the United States, "the citizens of the venue chosen by the plaintiff have no more or less of a meaningful connection to the case than any other venue." *Id.* (citations omitted).

"In short, there is no relevant factual connection" between this case and the Western District of Texas. *Volkswagen II*, 545 F.3d at 318. Neither this District nor its potential jurors has any relevant local interest in a California non-practicing entity's patent-infringement claims against a California company like eBay. This factor thus "weighs heavily in favor of" transferring this case to the NDCA. *Volkswagen I*, 371 F.3d at 206.

      **5.**    **Judicial Economy Favors Transfer Because Express Mobile's Co-Pending Cases in the Northern District of California Make Trial of This Case Easy, Expeditious, and Inexpensive**

The "practical problems that make a trial easy, expeditious and inexpensive" for private parties also favor transferring this case to the NDCA. *In re Genentech, Inc.*, 566 F.3d at 1342. This factor favors transfer to NDCA.

"[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (*Volkswagen III*). Express Mobile currently has ten active cases in the NDCA asserting the patents at issue here.[5] All but

---

[5] *X.Commerce, Inc. d/b/a Magento, Inc. v. Express Mobile., Inc.*, 17-cv-02605 (filed May 5, 2017); *Express Mobile, Inc. v. Wix.com, Ltd.*, 19-cv-06559 (filed Oct. 11, 2019); *Express Mobile, Inc. v. Microsoft Corp.*, 20-cv-06152 (filed Sept. 1, 2020); *Express Mobile, Inc. v. Adobe Inc.*, 20-cv-08297 (filed Nov. 24, 2020); *Express Mobile, Inc. v. Oath Holdings Inc.*, 20-cv-08321

one of these cases (and 18 others that have since settled) are being overseen by Judge Richard Seeborg.  Judge Seeborg has developed significant familiarity with the '397 and '168 Patents that are asserted against eBay in this case, because they have likewise been asserted in each of the 28 cases that Express Mobile has previously filed in the NDCA.  Moreover, Judge Seeborg has guided many of these cases to advanced stages of litigation.  For example, in the pending *X.Commerce* case, filed in May 2017, Judge Seeborg conducted a claim construction hearing and issued two *Markman* orders.  17-cv-02605, ECF Nos. 79, 81 (claim construction orders).  He has overseen disputes pertaining to the parties' expert reports.  *Id.*, ECF No. 155 (the court hearing a motion to strike expert report).  He is scheduled to preside over the trial of that case on June 1, 2021.  *Id.*, 199 (setting trial).  In other cases brought by Express Mobile, Judge Seeborg has addressed motions pertaining to subject matter eligibility of the same two patents asserted against eBay.  *Express Mobile, Inc. v. Code and Theory LLC*, No. 18-cv-04679-RS, 2019 WL 477639 (N.D. Cal. Jan. 29, 2019).  Judge Seeborg has two Markman hearings set for March and June 2021 in two case involving the Asserted Patents.  *Express Mobile Inc. v. Wix.com*, 19-cv-06559, ECF. No. 71; *Express Mobile, Inc. v. Microsoft Corp*., 20-cv-06152, ECF. No. 50.  Because Judge Seeborg already has significant familiarity with Express Mobile and its asserted patents, transferring this case to the NDCA will promote judicial economy and conserve judicial resources.  *See XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340 at *16 (W.D. Tex. Apr. 5, 2017) (holding that "the efforts expended by the District of

---

(filed Nov. 25, 2020); *Express Mobile, Inc. v. Pinterest, Inc*., 20-cv-08335 (filed Nov. 25, 2020); *Express Mobile, Inc. v. Amazom.com, Inc*., 20-cv-08339 (filed Nov. 25, 2020); *Express Mobile, Inc. v. Salesforce.com, Inc*., 20-cv-08461 (filed Dec. 1, 2020); *Express Mobile, Inc. v. Booking Holding, Inc*., 20-cv-08491 (filed Dec. 1, 2020); *Express Mobile, Inc. v. SAP SE*, 20-cv-08492 (filed Dec. 1, 2020).

Colorado to become familiar with the technology at issue weigh extensively in favor of transfer" to the District of Colorado).

Further, since September 2020, Express Mobile has filed eight new cases in NDCA. These cases are at the same early stages as this case. If transferred to the NDCA, it is likely that eBay's case could be consolidated or coordinated with those cases (and any other transferred cases) to save judicial and party resources during the pretrial phases. *See DynaEnergetics Europe GMBH v. Hunting Titan, Inc.*, No. 6:20-cv-00069-ADA, 2020 WL 3259807 at *8 (W.D. Tex. June 16, 2020) (finding that "the possibility of consolidation with related litigation upon transfer" caused factor to "weigh heavily for transfer"). It makes little sense to proceed through claim construction here in parallel with those cases, particularly given Judge Seeborg's existing familiarity with the asserted patents.

This Court, by comparison, lacks any significant familiarity with Express Mobile or its patents. And compared to the ten Express Mobile cases pending in NDCA, there are only five cases filed by Express Mobile pending in the Western District of Texas against eBay, Expedia, Inc., Facebook Inc., Google LLC, and Atlassian Corp. All five cases were filed on September 1, 2020 and are at very early stages. No scheduling orders have been entered, no claim construction activities have occurred, and this Court has not yet had occasion to gain substantive familiarity with the Asserted Patents. *See* Case Nos. 20-cv-00801, 00802, 00803, 00804, and 00805. Because this motion has been filed before any significant progress in this case, judicial economy supports transferring the case. *In re Apple*, at 1337-1338 (finding that judicial economy did not favor transfer where significant steps in the case occurred after the transfer motion was filed).

13

Moreover, eBay understands that four of the five defendants have or will move to transfer.[6] As the Federal Circuit has made clear, the presence of co-pending cases cannot weigh against transfer when the defendants in those cases are likewise seeking transfer. *In re Google*, 2017 WL 977038 at *2 (holding that it "cannot be correct" that "the mere co-pendency of related suits in a particular district would automatically tip the balance in non-movant's favor regardless of the existence of co-pending transfer motions and their underlying merits"); *Parus Holdings*, 2020 WL 4905809 at *7 (holding that related cases with pending transfer motions were "neutral with respect to transfer"). This is especially true where, as here, the destination district is home to both parties and has *even more* co-pending cases. *See DynaEnergetics*, 2020 WL 3259807 at *8 (finding that related cases in the destination venue "weigh[] heavily for transfer").

### 6. The Comparative Congestion of This Court and the Northern District of California Favors Transfer.

When comparing court congestion, courts frequently compare the average time to trial between the relevant districts. *See In re Genentech,* 566 F.3d at 1347. But, as the Federal Circuit observed, this is the "most speculative" factor, as "case-disposition statistics may not always tell the whole story." *Id*. That is particularly true here. This Court has seen a surge of new filings in 2020 and 2021, which is not reflected in backward-looking time-to-trial statistics.

Here, the court congestion factor slightly favors transfer to the NDCA, or at the very least is neutral. In *In re Apple*, the Federal Circuit noted that "NDCA and WDTX have historically had comparable times to trial for civil cases (25.9 months for NDCA versus 25.3 months for WDTX), and, most relevantly, NDCA has historically had a *shorter* time to trial for patent

---

[6] Google and Facebook are headquartered in the NDCA. *See* Anderson Decl. ¶¶14, 31. Both Facebook and Google already have filed motions to transfer. Case No. 20-cv-00804, ECF No.35; Case No. 20-cv-00803, ECF No. 25. Atlassian Corp. is an Australian company headquartered in Sydney, Australia with two offices in the SFBA, and eBay understands it will seek transfer to NDCA as well. *See* Anderson Decl. ¶¶ 32.

14

cases." 979 F.3d at 1343-44 (emphasis original). WDTX's time to trial is likely to increase, as statistics show that in 2020, 813 new patent cases were filed in the Western District of Texas, as compared to 233 patent cases that were filed in the NDCA. *See* Ex. 33. Although this factor is inherently speculative, these case statistics and the recent surge of filings in this Court suggest that the NDCA is at least equally well-equipped to move this case expeditiously towards trial.

### 7. The Remaining Factors are Neutral

None of the remaining *Gilbert* factors affects the analysis. Neither the Western District of Texas nor the NDCA has any advantage in applying the nationally-applicable federal patent laws. Nor are there any conflict of laws issues. *Parus Holdings*, 2020 WL 4905809 at *8 (finding, in a patent infringement case, that familiarity of law and avoidance of conflicts were neutral between the Western District of Texas and the NDCA).

The relevant factors show that the NDCA is a clearly more convenient venue for this case. Both Express Mobile and eBay are California-based companies. The accused functionalities ████████████████. The vast majority of the relevant party and third-party witnesses, documents, and source code ████████████████ ████. Judge Seeborg in the NDCA is already familiar with Express Mobile and the Asserted Patents and will be overseeing at least ten co-pending cases. In contrast, while there are co-pending cases in this District (with all but one defendant seeking to transfer), this alone does not warrant a denial of transfer. The Federal Circuit has made clear that reliance solely on co-pending cases to deny transfer would be an abuse of discretion. The *Gilbert* factors demonstrate that the NDCA is clearly more convenient, and the case should therefore be transferred.

## IV. CONCLUSION

For the foregoing reasons, eBay respectfully requests that this case be transferred to the Northern District of California.

Dated:  February 11, 2021                    Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gilliamsmithlaw.com
**GILLIAM & SMITH, LLP**
303 South Washington Ave.
Marshall, TX  75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Jared Bobrow (*pro hac vice*)
jbobrow@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA  94025-1015
Tel: (650) 614-7400
Fax: (650) 614-7401

Will Melehani (*pro hac vice*)
wmelehani@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Tel: (415) 773-5700
Fax: (415) 773-5759

*Attorneys for Defendant* eBay Inc.

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for Defendant, eBay, conferred with counsel for Plaintiff, Express Mobile, Inc. on January 29, 2021 in a good-faith effort to resolve the matter presented herein and counsel for Plaintiff stated that it opposed the motion.

/s/ *Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via CM/ECF on February 11, 2021.  I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing this document, pursuant to L.R. CV-5.2 on February 11, 2021.

/s/
Name

