**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

**EXPRESS MOBILE, INC.,**

                *Plaintiff*,

      v.

**EBAY INC.,**

                *Defendant*.

**Civil Action No. 6:20-cv-00802-ADA**

██████████████████

**DEFENDANT'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO TRANSFER
<u>VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

## I.      INTRODUCTION

Express Mobile's opposition fails to uncover a single relevant connection between this case and the Western District of Texas.  Rather than focus on material witnesses, Express Mobile simply scoured LinkedIn.com in search of eBay employees who may live in Texas and then speculated about their relevance.  This attempted shortcut, which did not reveal a single relevant person that was not mentioned in eBay's motion, left undisturbed eBay's showing that ████████████ ██████████████████████████████████████████████████████████████████ ███████████████████████████  The third-party employees relevant to the accused browsers also are in NDCA.  The judge that is most familiar with the asserted patents is in NDCA.  The district with the most pending Express Mobile cases asserting the patents-in-suit is NDCA.  In sum, there is no reason to litigate this case here and many strong reasons that warrant transfer to NDCA.

## II.     NDCA IS CLEARLY MORE CONVENIENT FOR THIS CASE.

Express Mobile asks the Court to view its speculative and irrelevant "evidence" through a lens that includes one misstatement of law after another.  First, Express Mobile's choice of venue is entitled to little deference (*see* Opp. at 3) because none of the relevant events occurred here and Express Mobile does not reside here.  As courts in this District have explained, "[w]hen a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum, the court will not give as much deference to a plaintiff's choice."  *Freehold Licensing, Inc. v. Aequitatem Cap. Partners, LLC*, No. A-18-CV-413 LY, 2018 WL 5539929, at *6 (W.D. Tex. Oct. 29, 2018) (citations omitted).  Second, Express Mobile mischaracterizes the burden of persuasion.  Opp. at 3.  eBay need not show that the convenience factors "substantially outweigh the plaintiff's choice of venue—it is enough to show the new venue is clearly more convenient than the original one."  *Graham v. Huffman*, No. A-17-CV-536 LY, 2018 WL 1053544, at *2 (W.D. Tex. Feb. 24, 2018).  And third, there is no reason to resolve allegedly disputed facts

1

in Express Mobile's favor.  Applying this standard makes little sense here because Express Mobile

had, but ignored, the opportunity to take extensive venue discovery.  Standing Order Re: Venue

and Juris. Discovery (Nov. 19, 2020).  Further, neither Express Mobile nor the *Weatherford Tech.*

*Holdings, LLC v. Tesco Corp.* decision that it cites could muster any circuit court authority for this

proposition.  No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 22, 2018).

>    A.    **The Relevant eBay Employees Are Concentrated In NDCA.**

Express Mobile has not shown that this District has more relevant evidence than NDCA.

Rather than conduct any venue discovery to uncover actual facts, Express Mobile opted to perform

haphazard internet searches and speculate about the potential relevance of various eBay

employees.  Express Mobile focuses on two individuals identified using this approach, but neither

demonstrates that WDTX is more convenient.  Express Mobile first identifies Andre LeBlanc, the

Chief of Staff for eBay Stores.  Opp. at 5.  Mr. Leblanc ███████████████████████████████

███████████████████████████████████████████████.  Boorn 2nd Decl.  ¶ 4.

Express Mobile also discusses Abdullah Rababah.  Opp. at 5.  But this adds nothing new, because

███████████████████████████████████████████████████████████████████████████

███████████  ███████████████████.  His presence in Texas is far outweighed by the dozens of

relevant engineers and managers in or around NDCA.

Express Mobile's speculation over the remaining LinkedIn profiles fails to reveal anyone

with relevant knowledge.   None of the individuals listed in Express Mobile's footnotes (Opp. at

6 nn.3 and 4) actually work on the accused Listings, Stores, or Seller Hub functionalities.  Procter

2nd Decl.  ¶¶ 5-36; Boorn 2nd Decl.  ¶¶ 5-36.  None of the LinkedIn profiles cited in Express

---

[1] Express Mobile's contention that eBay's declarations "lack candor" is nonsense.  The declarations referred to ███████████████████████████████████████████ ███████████████████████  Procter Decl.  ¶ 5.

Mobile's footnotes even *mention* the accused functionalities or demonstrate that these people have relevant knowledge.  The location of these irrelevant people should be disregarded entirely.

Conversely, eBay has provided multiple sworn declarations from the individuals who lead the teams responsible for the accused functionalities, ████████████████████

████████████████████████████████████████████████████████

██████████  Procter Decl. ¶¶ 5-6 (Dkt. No. 24-3); Boorn Decl. ¶¶ 4-5 (Dkt. No. 24-4).  Express Mobile's only response is to reach for made-up technicalities like the assertion that "any unnamed eBay witnesses in NDCA do not count."  Opp at 6.  None of Express Mobile's authority supports such a rule.  Rather, in each of those cases, the movant identified no witnesses at all or referred to vague and nebulous groups of witnesses.  That is not the case here, where eBay's declarations provide the number and location of specific individuals on the relevant teams.  Procter Decl. ¶¶ 5-6; Boorn Decl. ¶¶ 4-5.  Between these individuals and the individuals identified by name, eBay has shown that the most relevant people are in or closer to NDCA, and Express Mobile's baseless speculation over its list of unrelated eBay employees does not come close to rebutting this fact.[2]

### B.    The Relevant Third Party Witness Are Concentrated In NDCA.

Express Mobile fails to show that WDTX is more convenient for potential third parties. Express Mobile's infringement theory relates to the functionality of browsers provided by third parties like Microsoft, Mozilla, Apple, and Google.  Mot. at 6.  Express Mobile asserts that three of these four companies have business locations in WDTX.  Opp. 8-9.  But in *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-CV-00432-ADA, 2020 WL 4905809, at *6 (W.D. Tex. Aug. 6, 2020), this Court found that the third-party witness factor weighed in favor of transfer where Google was

---

[2] Express Mobile's failure to identify a single relevant witness in WDTX also renders its "local interest" analysis meritless, as this case does not "call[] into question the work and reputation" of anyone who works in Texas.  Opp. at 13.  The implicated work and reputations are in NDCA.

a relevant third party because "NDCA is the more convenient forum for a high percentage of its employees who may be relevant witnesses," despite Google's presence in WDTX.  *Id.*  This factor weighs even more heavily towards transfer here because (1) Mozilla does not have any locations in this district, (2) eBay provided declaration evidence confirming that the Apple and Google browsers were developed in NDCA (*see* Exs. 34, 35), and (3) unlike the third parties in *Parus*, the relevant third parties here are not in any consolidated case with eBay.  *See Parus Holdings*, 2020 WL 4905809, at *6 (noting that "if this case were a part of a separate action in which Google was a complete non-party to the suit, the Court would assign significant weight to the location and convenience of Google engineers and witnesses under this factor.").[3]

Express Mobile's attempt to balance the scales with supposed third-party prior art witnesses fails.  Express Mobile states that a cherry-picked list of prior art was developed by companies with locations in this district, but fails to show that *a single prior art witness* is in WDTX.  Opp. at 8.  Even if Express Mobile had made that showing, this Court has repeatedly explained that they "are very unlikely to testify" and their location is entitled to only "minimal" weight.  *See Parus Holdings*, 2020 WL 4905809, at *4.  As such, Express Mobile's speculative third parties do not offset the "significant weight" favoring NDCA.  *Id.*

### C.   Other Pending Cases Favor Transfer To NDCA.

Express Mobile fails to address the facts that Judge Seeborg in NDCA already has extensive experience with the patents-in-suit and Express Mobile already has 10 cases asserting

---

[3] Express Mobile's suggestion that eBay must show that a witness is unwilling to attend a trial over a year from now is wrong.  The Fifth Circuit focuses on whether potential witnesses are located outside the subpoena power, not their prospective willingness to attend trial.  *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 316 (5th Cir. 2008).  And this District has recognized that whether a defendant has "identified any of its nonparty witnesses as unwilling to testify does not factor into the court's analysis…"  *MG Bldg. Materials, Ltd v. Paychex, Inc.*, No. SA-10-CA-0267-FB, 2011 WL 13324380, at *10 (W.D. Tex. Mar. 28, 2011) (citations omitted).

these same patents pending in NDCA.  Mot at. 11-13.  This case can easily be consolidated with Express Mobile's existing NDCA cases, which "weighs heavily for transfer." *DynaEnergetics Europe GMBH v. Hunting Titan, Inc.*, No. 6:20-cv-00069-ADA, 2020 WL 3259807 at \*8 (W.D. Tex. June 16, 2020).  Express Mobile nonetheless complains that five other cases are pending in this District and that it would be inefficient for several courts to proceed in parallel regarding the same patents.  Opp. at 11-12.  But it was Express Mobile that created this inefficiency by suing companies headquartered in NDCA in this District *after* it had already filed over a dozen lawsuits in NDCA, and then filing nine[4] additional cases in NDCA *after this case was filed*.  It makes no sense to try this case here when both parties, the most familiar judge, and 11 other pending suits are all in NDCA.  Further, unlike the cases pending in the NDCA, four of the five cases here have pending motions to transfer out of this District[5] and, therefore, should not weigh against transfer. *See In re Google Inc.*, No. 2017-107, 2017 U.S. App. LEXIS 4848, at \*8 (Fed. Cir. Feb. 23, 2017) (explaining it was improper to weigh co-pending cases with pending transfer motions).

D.      **Time to Trial Favors Transfer To NDCA.**

Express Mobile likewise fails to rebut that time to trial favors NDCA.  The Federal Circuit recently made the required comparison between WDTX and NDCA and found that the factor was neutral.  *In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020).  Since then, this Court's docket has only become more congested.  *See* Ex. 33.  And there is no basis for Express Mobile's suggestion that this Court has a "head start," because the NDCA court can simply resume the case at the current phase as of the transfer date.

---

[4] After eBay's motion was filed, Express Mobile also sued Slack Technologies, Inc. in NDCA. *Express Mobile, Inc. v. Slack Techs.,* No. 3:21-cv-2001 (N.D. Cal).
[5] In addition to this case, *see Express Mobile, Inc. v. Facebook Inc*., NO. 6:20-cv-803 (W.D. Tex), *ExpressMobile, Inc. v. Google LLC*, No. 6:20-cv-804 (W.D. Tex.), *ExpressMobile, Inc. v Atlassian Corp. PLC*, No. 6:20-cv-805 (W.D. Tex.).

5

Dated:  April 5, 2021              Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gilliamsmithlaw.com
**GILLIAM & SMITH, LLP**
303 South Washington Ave.
Marshall, TX  75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Jared Bobrow (*pro hac vice*)
jbobrow@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA  94025-1015
Tel: (650) 614-7400
Fax: (650) 614-7401

Will Melehani (*pro hac vice*)
wmelehani@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Tel: (415) 773-5700
Fax: (415) 773-5759

*Attorneys for Defendant* eBay Inc.

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via CM/ECF on April 5, 2021.  I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing this document, pursuant to L.R. CV-5.2 on April 5, 2021.

*/s/ Melissa R. Smith*